# EXHIBIT "A"

1088010-1

# Civil Cover Sheet

Court of Common Pleas of Philadelphia County
Trial Division

**For Prothonotary Use Only (Docket Number)**
AUGUST 2021
E-Filing Number: 2108034457
**001614**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>CHARLES J. CARFAGNO | **DEFENDANT'S NAME**<br>WILLIAM E. GRAY |
| **PLAINTIFF'S ADDRESS**<br>151 WILDFLOWER DRIVE<br>PLYMOUTH MEETING PA 19462 | **DEFENDANT'S ADDRESS**<br>905 WENDY WAY<br>LUSBY MD 20657 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>JB HUNT TRANSPORT, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>9200 E. 146TH STREET<br>NOBLESVILLE IN 46060 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort        [ ] Commerce          [ ] Settlement<br>[X] Jury          [ ] Savings Action   [ ] Minor Court Appeal [ ] Minors<br>[ ] Non-Jury      [ ] Petition         [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
AUG 18 2021
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHARLES J CARFAGNO
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>HANNAH MOLITORIS | ADDRESS<br>2005 MARKET STREET<br>SUITE 350<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)446-9797 | FAX NUMBER<br>(267)780-2939 |
| SUPREME COURT IDENTIFICATION NO.<br>322436 | E-MAIL ADDRESS<br>HMOLITORIS@FORTHEPEOPLE.COM |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>HANNAH MOLITORIS | DATE SUBMITTED<br>Wednesday, August 18, 2021, 01:49 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**MORGAN & MORGAN PHILADELPHIA, PLLC**
BY:   KEVIN CLANCY BOYLAN, ESQUIRE
        HANNAH J. MOLITORIS, ESQUIRE
ID NO.: 314117 / 322436
2005 Market Street, Suite 350
Philadelphia, PA  19103
P: (215) 446-9797
F: (267) 780-2939
cboylan@forthepeople.com
hmolitoris@forthepeople.com
www.forthepeople.com


Filed and Attested by the
Office of Judicial Records
18 AUG 2021 01:49 pm
S. RICE

| | |
|---|---|
| **CHARLES J. CARFAGNO**<br><br>Plaintiff,<br><br>V.<br><br>**WILLIAM E. GRAY; and**<br>**JB HUNT TRANSPORT, INC.**<br>Defendants. | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br><br>NO. 2021 –         –<br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT- CIVIL ACTION**</u>
<u>**2v MOTOR VEHICLE ACCIDENT**</u>
<u>**NOTICE TO PLEAD**</u>

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street
Philadelphia, PA 19107        (215) 238-6300

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street
Philadelphia, PA 19107        (215) 238-6300

Case ID: 210801614

**MORGAN & MORGAN PHILADELPHIA, PLLC**
BY:   KEVIN CLANCY BOYLAN, ESQUIRE
        HANNAH J. MOLITORIS, ESQUIRE
ID NO.: 314117 / 322436
2005 Market Street, Suite 350
Philadelphia, PA  19103
P: (215) 446-9797
F: (267) 780-2939
cboylan@forthepeople.com
hmolitoris@forthepeople.com
www.forthepeople.com

| | |
|---|---|
| **CHARLES J. CARFAGNO**<br>**151 WILDFLOWER DRIVE**<br>**PLYMOUTH MEETING, PA 19462**<br><br>                         **Plaintiff**<br>        v.<br><br>**WILLIAM E. GRAY**<br>**905 WENDY WAY**<br>**LUSBY, MD 20657**<br><br>**JB HUNT TRANSPORT INC.**<br>**9200 E. 146th STREET**<br>**NOBLESVILLE, IN 46060**<br><br>                         **Defendants** | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>CIVIL ACTION – LAW<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION
### 2V MOTOR VEHICLE

AND NOW COMES the Plaintiff, Charles J. Carfagno, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

### PARTIES

1.   The Plaintiff, Charles J. Carfagno (hereinafter "Plaintiff") is an adult individual who resides at 151 Wildflower Drive, Plymouth Meeting, PA 19462.

2

2.     The Defendant, William E. Gray (hereinafter "Defendant") is an adult individual, who is a truck driver and employee of Defendant JB Hunt Transport Inc.

3.     Based on information and belief, the Defendant resides at 905 Wendy Way, Lusby, MD 20657.

4.     The Defendant, JB Hunt Transport Inc. (hereinafter "JB Hunt") is an Indiana corporation with its headquarters at 9200 E. 146th Street, Noblesville, IN 46060.

5.     JB Hunt has a Department of Transportation Number of 80806.

6.     Each interstate company, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that JB Hunt has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

7.     More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants:

    a.     Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b.     Can produce a copy of the FMCSRs;

    c.     Had and will have in place a driver safety training/orientation program;

    d.     Had and will have prepared and maintain an accident register;

    e.     Is familiar with D.O.T. regulations governing driver qualifications, and had and will have in place a system for overseeing driver qualifications requirements;

    f.     Had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

  g.  Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

  h.  Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States.

8. Upon information and belief, JB Hunt regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania, from which these Defendants derive significant revenue.

9. At all relevant times, the Defendant was the agent, servant, workman and/or employee of JB Hunt, and was acting in the course and scope of his employment.

10. Venue is properly vested in the Philadelphia County Court of Common Pleas pursuant to the joint tortfeasor rule, as all of the party-defendants are alleged to be joint tortfeasors.

### FACTUAL BACKGROUND

11. On Thursday, December 10, 2020, the Defendant was traveling Westbound on I-276 in the middle lane.

12. At all times relevant hereto, the Defendant was operating a tractor trailer.

13. While traveling on the highway, the Defendant's trailer became detached from the truck tractor.

14. The Defendant's trailer then proceeded west over the left lane and into the dividing barrier.

15. The force of impact damaged three (3) sections of concrete barrier which caused large pieces of concrete to fly into the eastbound lanes of I-276.

16. On the same date and at the same time, the Plaintiff was traveling Eastbound on I-276.

Case ID: 210801614

17. Debris from the concrete barrier flew into the Plaintiff's lane of travel making contact with his vehicle.

18. The Plaintiff's car almost flipped over and forced his vehicle off the highway.

19. As a result of his actions and omissions, the Defendant was issued three (3) citations by the Pennsylvania State Police.

20. On March 23, 2021, the Defendant was found guilty of 75 § 4107 §§ B2.

21. The force of the collision caused severe injuries to the Plaintiff's neck, back, shoulder, knee, pelvis and kidney.

22. As a collective result of the Defendants' negligence and/or carelessness and/or recklessness, the Plaintiff sustained the following injuries:

   a. Cervical injury;

   b. Lumbar injury;

   c. Thoracic injury;

   d. Shoulder injury;

   e. Pelvic injury;

   f. Knee injury; and

   g. Kidney injury.

23. Plaintiff also makes a claim hereinafter for injuries, damages or consequences of which he has no present knowledge.

24. As a result of the aforesaid injuries, the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

25. The Plaintiff continues to require treatment for the aforesaid injuries.

26. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

27. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

28. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

29. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

30. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

31. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**CHARLES CARFAGNO v. WILLIAM E. GRAY**

32. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

33. On the aforementioned date, place and time, the Defendant operated his tractor trailer in a negligent and reckless manner such that the Defendant's conduct was a factual cause in bringing about the serious and painful injuries and damages to the Plaintiff. The negligence of the Defendant includes, but is not limited to the following:

    a. Violating Pennsylvania General Assembly 75 § 4107 §§ (B)(2);

    b. Failure to comply with Federal Motor Carrier Safety Regulation 396.13;

c. Consciously choosing to not comply with Federal Motor Carrier Safety Regulation 396.13;

d. Failing to make necessary and reasonable observations while operating his tractor trailer;

e. Failure to maintain proper and adequate control of his tractor trailer;

f. Failure to bring his tractor trailer to a stop;

g. Failing to take proper precaution in operation of his tractor trailer so as to avoid the collision that occurred with the Plaintiff;

h. Failure to keep a proper and necessary lookout while operating his tractor trailer;

i. Driving at a high rate of speed;

j. Failure to be attentive while operating his freightliner;

k. Operating his tractor trailer in a reckless, negligent and careless manner without due regard for the rights and safety of the Plaintiff;

l. Violating the written and unwritten policies and procedures of JB Hunt;

m. Failing to apprise himself of the Federal Motor Carrier Safety Regulations;

n. Failing to abide by the Federal Motor Carrier Safety Regulations as it applies to hours of service;

o. Failing to have his tractor trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

p. Driving in excess of the speed limit despite knowing the dangers and risk of speeding;

q. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

r. Acting with a conscious disregard for the rights and safety of the Plaintiff;

s. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

t. Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

Case ID: 210801614

u. Failing to make necessary and reasonable observations while operating his tractor trailer; and

v. Failing to timely and properly apply his brakes.

34. As a direct and proximate result of the negligence / recklessness of the Defendant, the Plaintiff suffered the above referenced injuries.

**WHEREFORE**, the Plaintiff, Charles Carfagno hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania from the Defendant William E. Gray, including punitive damages, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESNESS**
<u>**CHARLES CARFAGNO v. JB HUNT TRANSPORT INC. as being vicariously liable for WILLIAM E. GRAY**</u>

35. The preceding paragraphs are incorporated herein by reference as though fully set forth.

36. The recklessness, negligence and/or carelessness, of JB Hunt Transport Inc., as being vicariously liable for the actions of Defendant, consisted of, the following:

a. Violating Pennsylvania General Assembly 75 § 4107 §§ (B)(2);

b. Failure to comply with Federal Motor Carrier Safety Regulation 396.13;

c. Consciously choosing to not comply with Federal Motor Carrier Safety Regulation 396.13;

d. Failing to make necessary and reasonable observations while operating his tractor trailer;

e. Failure to maintain proper and adequate control of his tractor trailer;

f. Failure to bring his tractor trailer to a stop;

g. Failing to take proper precaution in operation of his tractor trailer so as to avoid the collision that occurred with the Plaintiff;

h. Failure to keep a proper and necessary lookout while operating his tractor trailer;

i. Driving at a high rate of speed;

j. Failure to be attentive while operating his tractor trailer;

k. Operating his tractor trailer in a reckless, negligent and careless manner without due regard for the rights and safety of the Plaintiff;

l. Violating the written and unwritten policies and procedures of JB Hunt;

m. Failing to apprise himself of the Federal Motor Carrier Safety Regulations;

n. Failing to abide by the Federal Motor Carrier Safety Regulations as it applies to hours of service;

o. Failing to have his tractor trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

p. Driving in excess of the speed limit despite knowing the dangers and risk of speeding;

q. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

r. Acting with a conscious disregard for the rights and safety of the Plaintiff;

s. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

t. Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

u. Failing to make necessary and reasonable observations while operating his tractor trailer; and

v. Failing to timely and properly apply his brakes.

37. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

WHEREFORE, the Plaintiff, Charles Carfagno, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, from the Defendant, JB Hunt Transport Inc. as being vicariously liable for Defendant William E. Gray, including punitive damages, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**CHARLES CARFAGNO v. JB HUNT TRANSPORT INC.**

38.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

39.  JB Hunt Transport Inc. has an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

40.  The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

41.  The negligence, carelessness and/or recklessness of JB. Transport Inc., individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

   b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of the FMCSR hours of service made him unfit to safely operate a commercial vehicle;

   c. Failing to have an appropriate disciplinary policy within the company;

   d. Permitting the Defendant to operate a freightliner when it knew or should have known that he was not properly qualified and/or trained;

   e. Failing to adopt appropriate employee manuals and/or training procedures;

f. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of JB Hunt;

g. Failing to implement and/or enforce an effective safety system;

h. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

i. Failing to monitor and/or regulate its drivers' actions;

j. Failing to maintain a complete driver qualification file for Defendant as is required pursuant to Federal Motor Carrier Safety Regulation 391.51;

k. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

l. Failing to have a procedure in place to effectively monitor whether its drivers are following the Federal Motor Carrier Safety Regulations; and

m. Failing to have a procedure in place to effectively monitor whether its drivers are knowledgeable about the Federal Motor Carrier Safety Regulations.

42. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Charles Carfagno hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant, JB Hunt Transport Inc. in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

**MORGAN & MORGAN PHILADELPHIA, PLLC**

BY: ___/s/ Hannah Molitoris___
HANNAH MOLITORIS, ESQUIRE
*Attorney for the Plaintiff*

## VERIFICATION

I, Charles J. Carfagno, hereby verifies that I am the plaintiff in the foregoing action; that the attached Complaint in Civil Action is based upon information which I have furnished to counsel, and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint, and to the extent the statements therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that if false statements were made herein I would be subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

By: _____
Charles J. Carfagno

DATE: 8/18/2021